UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HELAYNE SEIDMAN,

                             Plaintiff,

v.

DAILY NEWS, L.P.,

                             Defendant.
-------------------------------------------------------------------X

**AMENDED COMPLAINT**

12 cv 7784(TPG)

***Plaintiff Demands a Jury Trial***

RECEIVED
JAN 11 2013
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff HELAYNE SEIDMAN, by and through her attorneys, Kreindler & Kreindler LLP respectfully alleges as follows:

## GENERAL ALLEGATIONS

1.    This is an action for copyright infringement that arises from the defendant New York Daily News Company's ("Daily News")  use of plaintiff's famous photographs of (1) "Laura Garofalo - Gravano Victim's Daughter" ("Garofalo") and (2) "Bad Teacher - Christine Rubino" ("Rubino") (the "subject photographs"), and for breach of contract.

2.    Plaintiff is a professional photographer who created the subject photographs and has the sole copyright protection in the subject photographs and the only person authorized to reproduce, republish, license, use, sell or assign those rights.

3.    For many years, Ms. Seidman worked as a freelance photographer for the New York Daily News.  Prior to the year 2000, the freelance agreement with the News granted the use and publication of photographs "one time reproduction rights only".  (See Ex. 1 Agreement). Any additional publication or use would require the photographer's consent and authority with additional compensation for a limited license.

4.      In 2000, the Daily News republished one of Ms. Seidman's more prominent photos taken in the early 1990s of John Gotti and Sammy "The Bull" Gravano without her permission. At that time she had licensed the photo to Corbis, but Corbis did not authorize its use and compensation was therefore paid by the Daily News for its infringement.

5.      Ms. Seidman then asked Eric Meskauskas, Director of Photography at the Daily News to confirm their existing freelance photographer agreement and acknowledge that Ms. Seidman retained all rights to her photos beyond the one time use she granted the Daily News. (See Ex. 2). Instead, Edward Fay, VP and Director of Editorial Administration at the News, rejected her request and wrote that the instructed the photography department, and Mr. Meskauskas, to eliminate all Seidman photographs in the Daily News data base to prevent any unauthorized use in the future. (See Ex. 3).

6.      Despite this instruction, in 2002 after the death of John Gotti, the Daily News published the Seidman photo of Gotti-Gravano *again*. Ms. Seidman retained counsel and an action was commenced but later settled between Ms. Seidman and the News. The News paid compensation to Ms. Seidman. She thereafter ended her free lance relationship with the News.

Not surprisingly, given this history and Ms. Seidman's current work for other competitive news media, Ms. Seidman declined a recent February 2, 2012 invitation by the Daily News' photography department's Mark Bonifacio requesting to use some of Ms. Seidman's photos. In an email exchange with Mr. Bonifacio, Ms. Seidman made clear:

**I can't license any photos of mine for publication in the Daily News.**

(See Ex. 4).

7.      Despite this clear directive, the Daily News went ahead eight days later and published Ms. Seidman's famous 1997 photo of "Laura Garofalo-Gravano victim's Daughter" on

February 10, 2012 in both the Daily News' print and internet media, willfully infringing her copyright to the photograph and breaching its prior contract with Ms. Seidman for one time reproduction rights only. Ms. Seidman was credited for the photo (see Ex. 5 and Ex. 6) but she never gave permission or a license for its use to the Daily News in 2012. Indeed, the Daily News had pulled this photo from the very Seidman archives it pledged to eliminate in 2002. The Garofalo photo is a half page in size on page 3 of the Daily News' February 10, 2012 newspaper that is part of the cover story entitled "WACKED FROM THE GRAVE – Sammy Bull vics' kin want TV daughter's dough" that appeared on the entire front page – clearly intended to catch a consumer's eye and buy the newspaper. Thus the News' profits attributable to this photograph are substantial.

8.      In another pattern of willful infringement, the Daily News improperly obtained Ms. Seidman's photo of "Bad Teacher – Christine Rubino" that she had licensed only to the New York Post for publication in the Post on Sunday February 5, 2012. That photo (see Ex. 7) appeared with credit given to photographer "Helayne Seidman." Only the New York Post was granted rights to publish the photo and Ms. Seidman retained her copyright to license it to others if requested. Nonetheless, the Daily News took the photo and published it a few days later on February 8, 2012 in its online newspaper. To make matters worse, it republished it online in multiple places. In an effort to conceal its willful infringement, the Daily News cropped the photo and enlarged the portion of Teacher Rubino's sneering face, and instead of giving any credit, it used the word "handout" alongside the photo – an industry signal that the photo was promotional and free and could be used and reused by anyone for free. (See Ex. 8). This encouraged additional infringement by others, which in fact did occur and caused harm to Ms. Seidman's proprietary rights in an exponential manner.

9.      The pattern of willful disregard for Ms. Seidman's proprietary rights is a willful infringement of her copyright for which the Daily News is subject to pay substantial compensation.

10.     At no time after 2000 did plaintiff Seidman grant to defendant Daily News the right to use her photographs in the infringing newspaper and electronic media.

11.     Notwithstanding, the defendant Daily News knowingly, willfully and intentionally included the subject photographs in the infringing news media without plaintiff's permission.

12.     Defendant Daily News made no payment whatsoever to plaintiff for the inclusion of the subject photographs in the infringing news media.

13.     Defendant Daily News did not credit plaintiff on the subject photograph regarding Christine Rubino and attempted to obscure the source.

14.     The Daily News did credit Ms. Seidman in the Garofalo photo demonstrating that it knew it was Ms. Seidman's photograph in the infringing news media.  The Daily News knew how to contact Ms. Seidman and knew how to request a licensing agreement, but knew she had forbidden the Daily News from publishing her work, so instead, it willfully elected to use the photo in total disregard for her copyright and their prior agreement.

## THE PARTIES

15.     Plaintiff Seidman is a professional photographer who has taken several famous photographs including the photographs which are the subject of this litigation.

16.     Defendant Daily News  is a corporation incorporated under the laws of New York with its principal place of business at 4 New York Plaza, New York, NY 10004.

4

17.     Defendant Daily News is a corporation licensed to transact lawful business within the State of New York and does so on a daily basis.

## JURISDICTION AND VENUE

18.     The plaintiff resides within the State of New York in this District and has resided here at all times pertinent herein.  Further, plaintiff filed her application for copyright on the subject photographs with the U.S. Copyright Office in Washington, D.C. on or about January 8, 2012.  That office regularly takes up to 6 months to process and issue the Copyright but dates the copyright back to the date it received the application.  See Exhibit 9.

19.     Jurisdiction for the plaintiff's claims lies within the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976 17 U.S.C. §101, et. seq., and  28 U.S.C. §1338(a) (conferring original jurisdiction over such district courts for claims arising under any act of Congress related to copyrights).

20.     Venue is proper under 28 U.S.C. §1391 since defendant has infringed plaintiff's copyright in this district.  Further, defendant conducts substantial regular and continuous business within the State of New York and has committed torts within the State of New York as described herein.

## COUNT I

## COPYRIGHT INFRINGEMENT OF THE GAROFALO PHOTO

21.     Incorporate by reference above paragraphs 1-20.

22.     The plaintiff, as the owner of the subject photograph known as "Laura Garofalo – Gravano Victim's Daughter" has the sole copyright privileges and protections afforded by the provisions of the Copyright Act, 17 U.S.C. §101, et. seq.

23.     Defendant's infringing news media directly infringes on plaintiff Seidman's copyright.

24.     Without permission or authorization from the plaintiff, defendant impermissibly used, reproduced, copied, infringed, disseminated and/or otherwise exploited plaintiff Seidman's copyrighted image without permission or payment multiple times.

25.     By commercially exploiting the plaintiff's copyright image in the infringing news media, defendant has generated significant revenues.  Plaintiff claims those revenues and all other damages recoverable under allocable law, including statutory damages and attorney's fees.

26.     As a result of defendants misappropriation of plaintiff's copyrighted images, plaintiff has suffered and claims as damages, all available damages under the Copyright Act including statutory damages, costs and attorneys fees and her actual damages including defendant's profits attributable to the infringement of plaintiff's images. These damages include, but are not limited to, all revenues generated by the sale of the infringing newspaper and advertising space therein as well as the paid advertising and other revenues from its digital news publication that contained the photo on its website.  These damages are likely to be in excess of $500,000.00, to be determined by a jury at trial

## COUNT II

### COPYRIGHT INFRINGEMENT OF
### THE CHRISTINE RUBINO PHOTOGRAPH

27.     Incorporate by reference above paragraphs 1-26.

28.     Plaintiff as owner of the subject photograph known as "Bad Teacher – Christine Rubino", has the sole copyright privileges and protections afforded by the provisions of the Copyright Act, 17 U.S.C. §101, et. seq.

29.     Defendant's infringing news media directly infringes on plaintiff Seidman's copyright.

30.     Without permission or authorization from the plaintiff, defendant impermissibly used, reproduced, copied, infringed, disseminated or otherwise exploited plaintiff Seidman's copyrighted image without permission, payment, or appropriate credit multiple times.

31.     By commercially exploiting the plaintiff's copyright image in the infringing news media, defendant has generated significant revenues.  Plaintiff claims those revenues and all other damages recoverable under allocable law, including statutory damages and attorney's fees.

32.     As a result of defendants misappropriation of plaintiff's copyrighted images, plaintiff has suffered and claims as damages, all available damages under the Copyright Act including statutory damages, costs and attorneys fees and her actual damages including defendant's profits attributable to the infringement of plaintiff's images.  These damages include, but are not limited to, all revenues generated by the sale of the infringing newspaper and advertising space therein as well as the paid advertising and other revenues from its digital news publication that contained the photo on its website.  These damages are likely to be in excess of $500,000.00, to be determined by a jury at trial

## COUNT III

## BEACH OF CONRACT

33.     Incorporate by reference above paragraphs 1-32.

34.     Beginning in 1984, plaintiff entered into a series of uniform contracts with the Daily News as a freelance photographer to sell her photos to the Daily News with "one time reproduction rights only."  The agreements were struck in exchange for money paid to plaintiff in exchange for each photo, including the Garofalo photo.

35.     In 2000, plaintiff ended her relationship with the Daily News due to their repeated violations of her copyrighted photos.  Defendant agreed to purge its archives of all plaintiff's photos, including the Garofalo photo.

36.     On February 2, 2012 defendant Daily News requested to work with plaintiff again and asked to publish some of her photos.  Plaintiff denied this request citing defendant's prior infringing conduct as a bases to refuse any publication of her work by the Daily News.

37.     On February 10, 2012 the defendant intentionally, willfully, recklessly and carelessly breached its prior agreement to publish the 1997 Garofalo photo only one time, by publishing it again without consent from or compensation to plaintiff.

38.     Defendant further breached its agreement to purge its archives of plaintiff's photographs in 2000 in exchange for plaintiff's continued service to the Daily News up until its 2002 breach and infringement.

39.     As a result of defendant's breach of contract with plaintiff, plaintiff has suffered economic harm to her livelihood and her reputation and is entitled to money damages.

WHEREFORE, the plaintiff respectfully prays for judgment on her behalf for injuries damages and losses in amounts allowable by law along with costs, interests, statutory damages, attorney's fees, injunctive relief, disgorgement of profits attributable to infringements, damage to her reputation and breach of contract and any other relief as authorized by law.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable as of right.


Dated:  New York, New York
          January 10, 2013

Yours, etc.

KREINDLER & KREINDLER LLP

By: _____
  Andrew J. Maloney III, AM8684
  750 Third Avenue
  New York, NY 10017
  (212) 687-8181
  *Attorneys for Plaintiff*

# EXHIBIT 1

# DAILY ❖ NEWS

450 WEST 33rd STREET
NEW YORK, N.Y. 10001

INVOICE #P
BUDGET CONTROL #
ACCT #534005/CTR #45300

B00-04295

## FREELANCE PHOTOGRAPHER RECORD
## — ONE TIME REPRODUCTION RIGHTS ONLY —

RECEIVED BY _____ NUMBER OF ROLLS _____ ASA _____

MESSENGER FEE _____ NUMBER OF PRINTS _____

### CAPTION INFORMATION

SUBJECT _____ _ED KOCH_____ DATE ___8/18/60___

LOCATION _____

NAMES (L. to R.);

CAPTION:     _Page 12_
_See Invoice_
_ED KOCH_

## FOR PROPER PAYMENT THE BELOW SECTION MUST BE FULLY COMPLETED.

PHOTOGRAPHER ___HELAYNE SEIDMAN___   SS # __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__

SIGNATURE ___16 St Marks Pl___

ADDRESS ___NYC 10003___   PHONE # _____

☐ RETAINED . . . 4% SALES
TAX MUST BE INCLUDED

$ _____

DATE SUBMITTED _____   TOTAL

RETURNED NEGATIVES _____   PAYMENT $ _____

APPROVED BY _____   DATE _____

FINANCIAL ADMINISTRATOR _____   DATE _____

:C. TO PHOTOGRAPHER FOR RECORDS.

DN021-113

# EXHIBIT 2

January 17, 2000

## Contract between Helayne Seidman and
## the New York Daily News

Helayne Seidman, photographer, is the sole, exclusive and perpetual owner of all rights, title, and interest (including ownership of all copyrights) in any photographs, images, prints, transparencies (and negatives thereof) taken by Helayne Seidman on freelance assignment for the New York Daily News and/or any images of hers existing in the New York Daily News' database whether taken on assignment or not.

"Image"(s) means all viewable renditions furnished by Helayne Seidman, whether captured or stored in electronic, photographic, magnetic, optical or any other medium whatsoever.  It is also defined to include any digitzed encodations and any other form in which the images submitted can be incorporated, represented, projected or perceived, including all forms and processes not presently in existence but which may come into being in the future.

THE NEW YORK DAILY NEWS IS STRICTLY PROHIBITED TO SELL, LICENSE, MARKET, EXHIBIT, ADVERTISE, TRANSMIT, BARTER, EXPLOIT, OR DO ANYTHING WITH HELAYNE SEIDMAN'S IMAGES EXCEPT PUBLISH THEM NON-EXCLUSIVELY FOR EDITORIAL USE IN THE NEW YORK DAILY NEWS NEWSPAPER AND THE NEW YORK DAILY NEWS ON-LINE NEWSPAPER WITH PAYMENT TO PHOTOGRAPHER HELAYNE SEIDMAN BASED ON THE FOLLOWING RATES AND CONDITIONS:

One time, editorial, non-exclusive publication rates in the New York Daily News --
any size up to 1/2 page - $100.00
1/2 page to full page - $150.00
Front or back page usage
any size up to 1/2 page - $250.00
1/2 page to full page - $350.00

Add 50% for on-line New York Daily News newspaper rates on same day as publication in New York Daily News.  Sole publication rates for New York Daily News on-line newspaper same as one time rates in newspaper.

Rates do not include exclusive color photo of John Gotti and Sammy "The Bull" Gravano taken by Helayne Seidman outside the Ravenite Social Club in Little Italy.  Rates on usage to be determined by photographer.

Photo credit: Helayne Seidman to appear adjacent to photo (using standard typeface and size) whenever photo is published in New York Daily News newspaper and New York Daily News newspaper on-line.  Double payment to photographer if photo credit is omitted or spelled incorrectly.

Payment to Helayne Seidman photographer to be received within thirty (30) days of date of publication.

Future rates may be increased by photographer based on duration of contract, market rates, and/or sudden news value of photograph.

No amendment or waiver of any terms is binding unless set forth in writing and signed by both parties.  However, an oral authorization for increased rates which could not be confirmed in writing because of insufficient time with deadlines, would be acceptable.

Both parties agree that Helayne Seidman is an independent contractor.  This agreement does not constitute a joint venture or partnership between Helayne Seidman and the New York Daily News.

The New York Daily News will indemnify and hold photographer Helayne Seidman harmless from any and all claims, lawsuits, liability, damages, or any legal costs in connection with publication of any photographs in New York Daily News or New York Daily News on-line newspaper.

The New York Daily News may not assign or transfer this agreement or any rights granted hereunder.

The New York Daily News and its principals, employees, agents, and affiliates are jointly and severally liable for the performance of all payment and other obligations thereunder.

The photographer Helayne Seidman shall have the right to terminate this agreement by written notice if: the New York Daily News fails to make timely payments and defaults in its obligations hereunder and does not within ten (10) days of receiving notice from Helayne Seidman, cure such default.

This agreement constitutes the entire agreement between the parties.  This agreement shall be binding on the parties, their heirs, successors, assigns and personal representatives.

Signed,

_____
Helayne Seidman / Photographer

1/14/00
_____
Date

_____
Eric Meskauskas, Director
of Photography, Daily News

_____
Date

cc: Edward Fay, vice president
    Eve Burton, attorney
    Michael Lipack, dep. director of photography

# EXHIBIT 3



EDWARD J. FAY
VP/Director of Editorial Administration

January 18, 2000

Ms. Helayne Seidman
Photographer
16 St. Marks Place
New York,  NY 10003

Dear Helayne:

I am in receipt of your correspondence to Eric Meskauskas.  I have contacted our photography department and asked them to eliminate all of your photos from our data base, so that there are no misunderstandings in the future.

Sincerely,

Edward Fay

EF:lns

cc:    Eric Meskauskas

450 WEST THIRTY-THIRD STREET • NEW YORK, NEW YORK 10001-2681 • 212/210-6352 • FAX 212/643-7814

# EXHIBIT 4